## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

RANDY ROBERTS, as Father and Special )
Administrator of the Estate of EDWARD L. )
BROWN, deceased, )
                         )
          Plaintiff, )
                         )
v. )      Case No.:
                         )
COUNTY OF COOK through CERMAK )
HEALTH SERVICES OF COOK )
COUNTY, THOMAS J. DART, SHERIFF )
OF COOK COUNTY, OFFICER K. )
GAMBLE, AND OFFICER A. AGUIRRE, )
                         )
          Defendants. )

## COMPLAINT AT LAW

Plaintiff, RANDY ROBERTS, as Special Administrator of the ESTATE OF EDWARD

L. BROWN, deceased, and as next-of-kin, by and through his attorneys, O'CONNOR LAW

FIRM, LTD., and in his action against Defendants, COUNTY OF COOK through CERMAK

HEALTH SERVICES OF COOK COUNTY, THOMAS J. DART, SHERIFF OF COOK

COUNTY, OFFICER K. GAMBLE, AND OFFICER A. AGUIRRE, (sometimes referred to in

the collective as 'DEFENDANTS"), and hereby alleges the following:

## PRELIMINARY STATEMENT

1.     Edward L. Brown, a 41 year-old Muslim/African American male, and United States citizen,

was taken into custody of the Cook County Sheriff's Department at its jail in Cook County,

Illinois on August 21, 2019, and charged with criminal trespass to property.   He was not

properly medically and psychologically evaluated. He was not given his prescribed diabetes

medication and/or his medications for other mental-health related conditions. Mr. Brown

began to get ill after being deprived of his medication and was then discharged from custody

without receiving appropriate medical care to address his physical and mental issues. On August 22, 2019, he was discharged from the jail and was shortly thereafter found dead on the side of the road, a short distance from the jail.

## PARTIES

2.      Plaintiff, RANDY ROBERTS, is a resident of the County of Cook, State of Illinois.

3.      Decedent, EDWARD L. BROWN, was U.S. citizen and a resident at Mado Healthcare Buena Park, located in the City of Chicago, County of Cook, State of Illinois.

4.      Defendant, County of Cook through Cermak Health Services of Cook County, is an Illinois corporation with offices in the City of Chicago, County of Cook, State of Illinois.

5.      Defendant, Thomas J. Dart, Sheriff of Cook County, is a governmental entity with offices in the City of Chicago, County of Cook, State of Illinois.

6.      Defendant K. GAMBLE, was a resident of Illinois at the time of the events described herein, was employed, retained, and/or contracted by Defendant, County of Cook through Cermak Health Services of Illinois and/or the office of Thomas J. Dart, Sheriff of Cook County, as a Cook County sheriff's officer in charge of the intake, assessment, and discharge of prisoners at the Cook County Jail. He is sued in his individual and official capacities, and as an agent Defendant Cook County Sheriff's Department and/or County of Cook through Cermak Health Services of Illinois.

7.      Defendant A. AGUIRRE, was a resident of Illinois at the time of the events described herein, was employed, retained, and/or contracted by Defendant, County of Cook through Cermak Health Services of Illinois and/or the office of Thomas J. Dart, Sheriff of Cook County, as a Cook County sheriff's officer in charge of the intake, assessment, and discharge of prisoners at the Cook County Jail. He is sued in his individual and official capacities, and as an agent

Defendant Cook County Sheriff's Department and/or County of Cook through Cermak Health Services of Illinois.

8. At all relevant times, all defendants acted under color of state law, and within the scope of their employment and/or agency.

## JURISDICTION & VENUE

9. This Court has jurisdiction over plaintiff's claims to 28 U.S.C. § 1331, 28 U.S.C. § 1343, and 28 U.S.C. § 1983 because the matters in controversy arise under the Constitution and laws of the United States.

10. This Court has supplemental jurisdiction of the Illinois state law claims pursuant to 28 U.S.C. § 1367.

11. Venue is proper in this Court under 28. U.S.C. § 1391(b) because a substantial part of the events that give rise to plaintiff's claims took place within the Northern District of Illinois.

## STATEMENT OF CLAIM

12. At all times relevant to the matters stated in this Complaint, there was in force and effect the Constitution of the United States which provided in relevant part as follows:

> No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.
>
> Constitution of the United States, Amendment XIV

13. At all times relevant to the matters stated in this Complaint, there was in force and effect a federal law known as the Civil Rights Act of 1871 which provided in relevant part as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an

3

action at law, suit in equity, or other proper proceeding for redress. 42 U.S.C. § 1983.

14. At all times relevant to the matters stated in this Complaint, there was in force and effect

certain statutes in the State of Illinois which provided in relevant part as follows:

Sheriff custodian of courthouse and jail.

He or she shall have the custody and care of the courthouse and jail of his or her county, except as is otherwise provided. 55 ILCS 5/3-6017.

* * *

The Sheriff of each county in this State shall be the warden of the jail of the county, and have the custody of all prisoners in the jail, except when otherwise provided in the "County Department of Corrections Act". The Sheriff may appoint a superintendent of the jail, and remove him at his pleasure, for whose conduct and training, he shall be responsible. The Sheriff shall also be responsible for the hiring and training of all personnel necessary to operate and maintain the jail. 730 ILCS 125/2 and 3.

* * *

The Warden of the jail shall furnish necessary bedding, clothing, fuel and medical aid for all prisoners under his charge, and keep an accurate account of the same. 730 ILCS 125/17.

15. Beginning on or about August 21, 2019. Decedent, Edward L. Brown, was arrested and

placed into the custody of Defendant, Cook County Sheriff's Department at its jail in Cook

County, Illinois. On information and belief, during Mr. Carter's initial booking interview, he

informed defendants and jail staff that he was diabetic and was a resident at Mado, a mental

health facility where he was on temporary leave and required medications.

16. On information and belief, at intake, Mr. Carter possessed and/or made staff aware of his

prescription medications to manage his diabetes and mental health conditions. Mr. Carter

asked various Cook County Sheriff's Department employees and/or agents and defendants, at

various times, to administer his medications as prescribed.

4

17.     On information and belief, that in spite of notice of Mr. Carter's diabetic and mental health conditions, defendants confiscated and/or failed to administer Mr. Carter's prescribed medications, and in furtherance of the polices and customs of defendants Cook County Sheriff's Department and and/or County of Cook through Cermak Health Services of Illinois.

18.     On information and belief, Mr. Carter began to complain to jail staff and defendants that he was ill and/or was in obvious need of medical attention, yet he was ignored.

19.     Mr. Carter's health deteriorated rapidly over the next day.

20.     Defendants, by their acts or omissions as set forth above, showed deliberate indifference to a serious and known medical conditions of the decedent.

21.     As a consequence of one or more of the foregoing acts or omissions of the various defendants, as set forth above, Defendants failed to provide Decedent, Edward L. Brown with adequate medical care and demonstrated a deliberate indifference to his medical conditions.  As the proximate result of all the above, Decedent, Edward L. Brown was released from the jail while he was seriously ill, without proper medication and died as a result.

22.     The Court has authority pursuant to 42 US.C. § 1983 to award appropriate actual, consequential, compensatory, and punitive damages, and has authority under 42 U.S.C. § 1988 to award attorneys' fees and costs to successful civil rights plaintiffs.

## CAUSES OF ACTION

### COUNT I:     DENIAL OF MEDICAL CARE
**Deprivation of Fourteenth Amendment Rights and 42 U.S.C. §1983**
**All Defendants**

23.     Plaintiff re-alleges and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

5

24. Defendants, each of them, had a duty to take reasonable measures in response to the obvious serious medical need and risk posed by Decedent, Edward L. Brown's condition.

25. Defendants, each of them, were aware that Decedent, Edward L. Brown's condition began to deteriorate, and yet took no action to provide or request medical care for Mr. Cater, disregarding the obvious risk to his health.

26. That the conduct and actions of Defendants, acting under color of law, in failing to attend to, request or obtain medical attention for Decedent, Edward L. Brown, was unreasonable, was done intentionally, willfully, maliciously, with a deliberate indifference and/or with a reckless disregard for his serious medical needs, and was designed to and did cause specific and serious physical and emotional pain and suffering with led to his death in violation of his substantive due process rights as guaranteed under 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution.

27. The Defendants knew Decedent, Edward L. Brown, faced a substantial risk of harm, and disregarded that risk by failing to take reasonable measure to abate it.

28. As a direct and proximate result of the foregoing, Decedent, Edward L. Brown, died.

Wherefore, Plaintiff, RANDY ROBERTS, as Father and Special Administrator of the Estate of Edward L. Brown, by and through his attorneys, O'CONNOR LAW FIRM, LTD., prays that that judgment is entered against Defendants for an amount in excess of $75,000.00 for actual damages, compensatory damages, punitive damages, attorney's fees, costs, and all other just and proper relief

## COUNT II: *MONELL* CLAIM
## 42 U.S.C. 1983
## All Defendants

29.     Plaintiff re-alleges and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

30.     Defendants, County of Cook through Cermak Health Services of Illinois, Thomas J. Dart, Sheriff of Cook County, Officer K. Gamble, and Officer A. Aguirre, directly caused the constitutional violations suffered by Decedent, Edward L. Brown, and are liable for the damages suffered as a result of the conduct of the Defendants' employees, servants and/or agents of Defendants. The conduct of the Defendants' officers was a direct consequence of policies and practices of Defendants, County of Cook through Cermak Health Services of Illinois and Thomas J. Dart, Sheriff of Cook County.

31.     At all times relevant to this Complaint, Defendants, County of Cook through Cermak Health Services of Illinois and Thomas J. Dart, Sheriff of Cook, acting through its employees, servants, and/or agents and through the Defendants had policies, practices, customs, and usages of encouraging jail staff to ignore obvious signs of medical distress involving individuals detained at the Cook County Jail.

32.     At all times relevant to this Complaint, Defendants, County of Cook through Cermak Health Services of Illinois and Thomas J. Dart, Sheriff of Cook County, acting through its employees, servants, and/or agents and through the Defendants had policies, practices, customs, and usages discouraging staff, employees, contractors, and/or agents from calling necessary emergency medical rescue personnel to the jail in order to save costs, even when an inmate displays obvious signs of life-threatening medical distress.

33.     At all times relevant to this Complaint, Defendants, County of Cook through Cermak Health Services of Illinois and Thomas J. Dart, Sheriff of Cook County, acting through its employees, servants, and/or agents and through the Defendants had policies, practices,

customs, and usages which failed to properly train, monitor, supervise or ensure staff and/or agents or utilize a proper protocol concerning summoning emergency medical personnel to the jail to assist an inmate in obvious serious medical distress.

34. At all times relevant to this Complaint, Defendants, County of Cook through Cermak Health Services of Illinois, Thomas J. Dart, Sheriff of Cook County, acting through its employees, servants, and/or agents and through the Defendants had policies, practices, customs, and usages which, in an effort to reduce costs, discouraged jail staff and defendants to summon emergency medical rescue personnel, even during times of obvious signs of serious medical distress. This fails to discourage constitutional violations.

35. At all times relevant to this Complaint, Defendants, County of Cook through Cermak Health Services of Illinois and Thomas J. Dart, Sheriff of Cook County, acting through its employees, servants, and/or agents and through the Defendants had policies, practices, customs, and usages allowing for the release of inmates who were in obvious need of medical and/or mental health treatment.

36. As a result of the above-described policies and customs, jail staff and the Defendants believed that their actions and/or inaction would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

37. The wrongful policies, practices, customs, and/or usages complained of herein demonstrated a deliberate indifference on the part of Defendants, County of Cook through Cermak Health Services of Illinois and Thomas J. Dart, Sheriff of Cook County, to the constitutional rights of persons needing medical care in its jail facility, and were the direct and proximate cause of the violations of Decedent, Edward L. Brown's rights alleged herein.

Wherefore, Plaintiff, RANDY ROBERTS, as Father and Special Administrator of the Estate of Edward L. Brown, Deceased, by and through his attorneys, O'CONNOR LAW FIRM, LTD., prays that that judgment is entered against Defendants for an amount in excess of $75,000.00 for actual damages, compensatory damages, punitive damages, attorney's fees, costs, and all other just and proper relief.

### COUNT III:   MEDICAL MALPRACTICE/WRONGFUL DEATH
#### (Illinois Wrongful Death Claim)
#### County of Cook through Cermak Health Services of Illinois, Individually and/or by and through its Agents, Servants, and/or Employees

38.    Plaintiff re-alleges and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

39.    At all times relevant Defendant, County of Cook through Cermak Health Services of Illinois, was a medical provider, located in the County of Cook, and State of Illinois.

40.    At all times relevant Defendants, County of Cook through Cermak Health Services of Illinois and Thomas J. Dart, Sheriff of Cook County, maintained a contractual relationship for the provision of medical services to inmates housed at its jail, and via authorized their agents, servants, and/or employees.

41.    Defendants, individually and/or via their authorized agents, servants, and/or employees, breached the appropriate standards of care and were negligent in one or more of the following respects.

      a.    Improperly confiscated and/or withheld decedent's prescribed diabetic and mental health medication, without providing a proper replacement;

      b.    Failed to properly monitor decedent's diabetic and/or mental health condition after evaluating him.

     c.     Failed to take appropriate medical action once decedent's diabetic and mental health condition didn't improve;

     c.     Failed to adequately and properly treat decedent's diabetic and mental health conditions, when Defendants knew, or in the exercise of ordinary care should have known, said adequate and proper treatment was necessary to prevent serious injury and death;

     d.     Failed to timely transport decedent to a hospital, wherein he could receive life-saving treatment for his diabetic and/or mental health conditions.

42.    As a proximate result of one or more of the foregoing negligent acts or omissions, Decedent, Edward L. Brown, sustained injuries which resulted in his death on August 22, 2019.

43.    Decedent, Edward L. Brown, left surviving him his next of kin including but not limited to his, Randy Roberts, who has suffered pecuniary loss as a result of his death.

44.    Randy Roberts, as Father and Special Administrator of the Estate of Edward L. Brown, Deceased, brings this cause of action both individually and on behalf of the Estate of the decedent pursuant to Chapter 70, Sections 1 and 2 of the Illinois Revised Statutes commonly known as the Wrongful Death Act of the State of Illinois.

45.    Plaintiff, RANDY ROBERTS, as Father and Special Administrator of the Estate of Edward L. Brown, Deceased, has been unable to secure certifications for an action in medical negligence in compliance with 735 ILCS 5/2-622, as evidence by an Affidavit attached as Exhibit A.

     WHEREFORE, Plaintiff, Randy Roberts, as Father and Special Administrator of the Estate of Edward L. Brown, Deceased, by and through his attorneys, O'CONNOR LAW FIRM, LTD., demands judgment for damages against defendants in excess of $75,000.00 and for any other relief this Court deems just.

Respectfully Submitted,


*/s/ Ashley M. Murray*

Ashley M. Murray


O'CONNOR LAW FIRM, LTD.
Ashley M. Murray (ARDC #: 6313564)
19 South LaSalle Street, Suite 1400
Chicago, Illinois 60603
P: (312) 906-7609
F: (312) 263-1913
koconnor@koconnorlaw.com
amurray@koconnorlaw.com
firm@koconnorlaw.com

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

RANDY ROBERTS, as Father and Special )
Administrator of the Estate of EDWARD L. )
BROWN, deceased, )
                                  )
           Plaintiff, )
                                  )
v. )      Case No.:
                                  )
COUNTY OF COOK through CERMAK )
HEALTH SERVICES OF COOK )
COUNTY, THOMAS J. DART, SHERIFF )
OF COOK COUNTY, OFFICER K. )
GAMBLE, AND OFFICER A. AGUIRRE, )
                                  )
           Defendants. )

## 735 ILCS 622(a)(2) and (3) AFFIDAVIT

NOW COMES the Plaintiff, RANDY ROBERTS, as Father and Special Administrator of the Estate of EDWARD L. BROWN, deceased, by and through his attorneys, O'CONNOR LAW FIRM, LTD., and pursuant to Illinois Supreme Court Rule 735 ILCS 622(a)(2) and (3), states as follows under oath and penalty of perjury:

1. That I am one of the attorneys for the Plaintiff in this action.

2. This action has not previously been voluntarily dismissed.

3. I was unable to obtain a consultation required by 735 ILCS 622(a)(1) because the statute of limitations would impair the action and the proper required consultation could not be obtained before the expiration of the statute of limitations, pursuant to 735 ILCS 622(a)(2).

4. A proper consultation could not be obtained in that although I requested a full set of medical records pursuant to 735 ILCS 622(a)(3), I have not received a full set of medical records.

5. Pursuant to 735 ILCS 622(a)(3) the written report required by 735 ILCS 622(a)(1) shall be filed within 90 days of receipt of said records.

6. Pursuant to 735 ILCS 622(a)(3), the Defendants shall be excused from answering or otherwise pleading until 30 days after being served an affidavit and a report required by 735 ILCS 622(a)(1).

Under penalties as provided by law pursuant to Section 1-109 of the Illinois Code of Civil Procedure, Ashley M. Murray, one of the attorneys for the Plaintiff in the above-captioned lawsuit, certifies that the statements set forth above are true and correct.


Date: _____August 19, 2021_____          By: _/s/ Ashley M. Murray____
                                                    ASHLEY M. MURRAY


O'CONNOR LAW FIRM, LTD.
19 South LaSalle Street, Suite 1400
Chicago, Illinois 60603
P: (312) 906-7609
F: (312) 263-1913
koconnor@koconnorlaw.com
amurray@koconnorlaw.com
firm@koconnorlaw.com