IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **RANDY ROBERTS, as Father and Special Administrator of the Estate of EDWARD L. BROWN, deceased,** | ) ) ) ) | |
| Plaintiff, | ) ) | No. 21 C 4436 |
| v. | ) ) | Magistrate Judge Jeffrey Cole |
| **COUNTY OF COOK through CERMAK HEALTH SERVICES OF COOK COUNTY, THOMAS J. DART, SHERIFF OF COOK COUNTY, and OFFICER A. AGUIRRE,** | ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

For the following reasons, the plaintiff's "Motion to Extend Plaintiff's Expert Disclosure Deadline and to Take the Deposition of Defendant, Officer A. Aguirre" [Dkt. #50] is denied.

A year and a half ago, on November 1, 2021, I entered the parties' desired discovery schedule, which included a deadline of April 4, 2022, for written discovery, a deadline of August 1, 2022, for oral fact discovery, and a deadline of September 1, 2022, for all fact discovery, although it is unclear what discovery would be neither written nor oral. [Dkt. ##14, 15]. As of February 24, 2022, the parties reported that there were no problems in discovery. [Dkt. #25]. As of July 19, 2022, plaintiff's counsel reported that all written discovery had been completed, with the exception of discovery from Cermak Health Services, which was ordered to comply with the outstanding request by July 26, 2022 [Dkt. #33], and did so. [Dkt. #34, ¶. 2].

Then, unfortunately, the case began to veer off the rails. On August 8, 2022, at which point written and oral fact discovery was to have been completed, the plaintiff filed a motion for an extension of that deadline a week after it had passed. Remarkably, the plaintiff informed the court that "no depositions have been able to take place thus far," and blamed that on the late responses from Cermak Health Services. [Dkt. #34, Par. 6]. Plaintiff's counsel, Ashley Murray suggested she would be unable to work on the case for the months of August and September due to two trials, and being out of the office for her wedding and honeymoon from September 14th through the 28th. [Dkt. #34, Pars. 8-9]. Plaintiff asked for an extension of the oral discovery deadline, not for just the two months to account for time she would miss, but for three months until November 29, 2022. [Dkt. #34, Par. 11]. And she asked for a similar extension for whatever discovery was neither oral nor written until December 30, 2022. [Dkt. #34, Par. 11]. Although the motion came a week late, I granted it and extend all deadlines by three months, which included extending the plaintiff's deadline for disclosing experts to January 31, 2023. [Dkt. #35].

On November 28, 2022, one day before the new oral discovery deadline, "[c]ounsel . . . informed the Court that there may be some difficulty in meeting the present fact discovery schedule." [Dkt. #39]. I told counsel they would have to file a motion if they needed an extension. [Dkt. #39]. No motion was forthcoming, and, like the November 29th oral discovery deadline before, the December 30th deadline for completion of all fact discovery came and went with nothing from the parties. At that point, it would appear that plaintiff's counsel, and their law firm, lost track of this case.

The defendants filed a motion for summary judgment on February 17, 2023. That seemed to get plaintiff's counsel's attention, and they filed another motion for extensions. First, they

2

informed the court that they had never taken the deposition of the defendant, Officer Aguirre. That had to have been done three months earlier, by November 29, 2022. Why didn't they? Well, their explanation is two-fold. First, the now married Ashley Murray quit the firm on January 2, 2022. [Dkt. #50, Par. 5]. And, at about the same time, the head of the Firm, Kevin O'Connor, came down with covid and was out of the office from December 26, 2022, to January 6, 2023. [Dkt. #50, Par. 4]. When he got back, all of Ashley Murray's cases were waiting for him.

Neither of those two situations, occurring in late December and early January, however, have anything to do with why the Firm could not complete a deposition of one of the defendants by the deadline of November 29, 2022. Or even in three weeks thereafter. Mr. O'Connor has been the lead attorney on this case since the day the Complaint was filed. [Dkt. #4]. And what of the two other lawyers, Matthew Popp and Cameron Tober? [Dkt. ##5, 6]. Defense counsel offered numerous dates and reminders for Officer Aguirre's deposition throughout the pertinent time period. [Dkt. #52, at 3-4]. Obviously, there is not the *required* "good cause" shown to extend the deadline for depositions to allow the plaintiff to take testimony from Officer Aguirre. "Good cause" requires a showing of diligence, *Cage v. Harper*, 42 F.4th 734, 743 (7th Cir. 2022); *Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011), and there was none at all here. Good cause is mandatory; it is not optional.

The plaintiff's Firm also missed the deadline for disclosing their experts, which, after two extensions, was set as January 31, 2023, much earlier on August 10, 2022. One can safely assume that, from August 10, 2022, until she quit, former plaintiff's counsel Ashley Murray made nary a move in the direction of hiring, letting alone disclosing an expert. [Dkt. #50, Par. 16]. Whatever else that may have been, it was not "diligent." Beyond that, there is no excuse for not seeking an extension of the expert disclosure deadline before the deadline passed. All we are told is that

3

"counsel for Plaintiff was unable to get up to speed on this matter with enough time to hire and disclose an expert or to file the Motion for Extension." [Dkt. #50, ¶. 8]. "[U]nfortunately... saying so doesn't make it so...." *United States v. 5443 Suffield Terrace, Skokie, Ill.,* 607 F.3d 504, 510 (7th Cir. 2010). Mr. O'Connor is and was the lead attorney in this matter throughout this litigation, and received notice of all deadlines and missed deadlines and upcoming deadlines. And, he had two other lawyers on this matter besides Ashley Murray.

Similarly, there is no excuse for not seeking an extension of the expert disclosure deadline before defendants filed for summary judgment. While prejudice to the other side is a secondary concern to the lack of diligence shown by the party seeking an extension, *Peters v. Wal-Mart Stores E., LP*, 512 F. App'x 622, 627 (7th Cir. 2013), a party is clearly prejudiced if, after waiting until the expert disclosure deadline has passed with no disclosure from their opponents, they file a dispositive motion based on the case as it stands, only to have the rug pulled out from under them by a judge who allows an expert disclosure two months late.

ENTERED: /s/ Jeffrey Cole
UNITED STATES MAGISTRATE JUDGE

**DATE:** 3/2/23

4